STATE OF NORTH CAROLINA v. JERRY LEON NEELY

No. 6926SC220

(Filed 30 April 1969)

**1. Obstructing Justice— intimidation of witness — nonsuit**

In a prosecution charging defendant with openly intimidating in the recorder's court a witness who had testified against him on a charge of larceny, defendant is not entitled to nonsuit on the ground that the witness had completed his testimony and was not under subpœna, since the witness was a prospective witness at the time the threats were made as a result of defendant's appeal to the superior court for a trial *de novo*.

**2. Obstructing Justice— intimidation of witness or juror**

The gist of the offense of intimidating or interfering with witnesses or jurors is the obstruction of justice. G.S. 14-226.

**3. Criminal Law §§ 34, 169— evidence of defendant's criminal record elicited by defendant's counsel**

Where defense counsel asked the State's witness on cross-examination, "You say you scared of these two defendants here?", defendant cannot complain of the witness' reply in explanation, "If anybody had a record like them, you'd be scared of them too."

APPEAL by defendant from *Thornburg, S.J.*, 3 February 1969, Schedule "D" Criminal Session, MECKLENBURG County Superior Court.

Jerry Leon Neely (defendant) and his brother, Wayne Neely, were charged under separate warrants with the misdemeanor of larceny. A third warrant charged that, on 24 October 1968, the defendant "with force and arms . . . did willfully, maliciously and unlawfully BY THREATS ATTEMPT TO INTIMIDATE IN OPEN CITY RECORDER'S COURT IN THE CITY OF CHARLOTTE MICHAEL DANIELS WHO HAD BEEN SUMMONED AS A WITNESS TO SAID COURT IN VIOLATION OF G.S. 14-226 OF NORTH CAROLINA against the Statutes in such case made and provided, against the peace and dignity of the State."

The evidence on behalf of the State would permit a finding that, on 25 October 1968, Michael Daniels appeared as a State's witness in the City Recorder's Court of the City of Charlotte; Daniels testified against the defendant and his brother, who were on trial for the misdemeanor of larceny; after the completion of the trial and the imposition of sentence and after an appeal had been taken to the superior court for a trial *de novo*, the defendant intimidated and threatened Daniels. The language used would indicate physical violence, and nothing would be served by repeating it here.

The three cases were consolidated for the purpose of trial in

superior court. The jury returned a verdict of not guilty on the larceny charges, but a verdict of guilty as to the defendant on the charge of intimidating and threatening a witness. The trial judge thereupon imposed a sentence of two years in the common jail of Mecklenburg County to be assigned to work under the supervision of the State Department of Correction. The defendant appealed to this Court.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, Trial Attorney Charles M. Hensey and Staff Attorney D. M. Jacobs for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

CAMPBELL, J.

[1]  The defendant's first contention is that the trial judge erred in denying his motions for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. It is argued that, since Daniels was not under a subpœna to testify as a witness and since his testimony had been completed when the threats were made, there was no intimidation or threatening of a witness within the meaning of G.S. 14-226, which provides:

> *"Intimidating or interfering with jurors and witnesses.* — If any person shall by threats, menaces or in any other manner intimidate or attempt to intimidate any person who is summoned or acting as a juror or witness in any of the courts of this State, or prevent or deter, or attempt to prevent or deter any person summoned or acting as such juror or witness from attendance upon such court, he shall be guilty of a misdemeanor, and upon conviction shall be fined or imprisoned in the discretion of the court."

[1, 2]  The gist of this offense is the obstruction of justice. In the instant case, Daniels was in the position of being a prospective witness because, at the time in question, an appeal had been taken to the superior court for a trial *de novo*. The evidence on behalf of the State clearly showed that, by his threats, the defendant was attempting to intimidate and threaten this witness and to prevent him from testifying in the superior court on the trial *de novo*.

> "Influencing or attempting to influence a witness in regard to the testimony he will give, or inducing or attempting to induce a witness to absent himself and therefore not to give any testimony, is an obstruction of justice. It is an offense against the

very object and purpose for which courts are established. It is a misdemeanor under the common law and an offense by statute in many jurisdictions. . . . It is immaterial, therefore, that the person procured to absent himself was not regularly summoned or legally bound to attend as a witness." 39 Am. Jur., Obstructing Justice, § 6, p. 504.

"It is an offense, at common law, to dissuade or prevent, or to attempt to dissuade or prevent, a witness from attending or testifying on the trial of a cause, and such conduct may be made an offense by statute. The gist of the offense is the willful and corrupt attempt to interfere with and obstruct the administration of justice." 67 C.J.S., Obstructing Justice, § 8, p. 53.

We are of the opinion that the evidence on behalf of the State was sufficient to withstand the defendant's motion for judgment as of nonsuit. Therefore, the first contention is without merit.

[3]   The defendant's second contention is that the trial judge erred in denying his motion to strike an answer of a State's witness, Daniels. It is argued that the answer was unsolicited and unresponsive and that it concerned the defendant's criminal record. On the cross-examination of Daniels by the defense counsel, the following occurred:

"A.   I was scared for me and my wife . . . I didn't want them doing nothing to me or my wife.

Q.   You say you scared of these two defendants here?

A.   Yeh. If anybody had a record like them, you'd be scared of them too.

BROWN:   Move to strike the answer.

COURT:   Motion denied."

The question asked by defense counsel was calculated to elicit the very response which was given. Daniels had a right to explain his answer and defense counsel "opened the door" for such an explanation. *State v. Williams,* 255 N.C. 82, 120 S.E. 2d 442. Therefore, the second contention is without merit.

The defendant had a fair and impartial trial free from prejudicial error.

The judgment of the trial court is

Affirmed.

BROCK and MORRIS, JJ., concur.